IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FREDERICK WOODARD

               Plaintiff,               Case No. 3:08-cv-395

vs.                                       Judge Thomas M. Rose

MICHAEL J. ASTRUE,             Magistrate Judge Michael R. Merz
Commissioner of Social Security,

               Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #17); ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; REVERSING THE COMMISSIONER'S DECISION THAT WOODARD WAS NOT DISABLED; REMANDING THIS MATTER FOR ADDITIONAL ADMINISTRATIVE PROCEEDINGS AND TERMINATING THIS CASE**
_____

        Plaintiff Frederick Woodard ("Woodard") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying his application for Social Security benefits. On September 9, 2009, United States Magistrate Judge Michael R. Merz filed a Report and Recommendations (doc. #13) recommending that the Commissioner's decision that Woodard was not disabled and, therefore, not entitled to benefits under the Social Security Act be reversed and that this matter be remanded for additional administrative proceedings. The Commissioner subsequently filed Objections (doc. #17). The time has run and Woodard has not responded to the Commissioner's objections.

1

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #13) and in the Commissioner's Objections (doc. #17), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, reverses the Commissioner's decision that Woodard is not disabled and remands this matter for additional administrative proceedings. Finally, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6thCir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian*

*Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right. *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the Commissioner's decision is not supported by substantial evidence. The Commissioner erred by relying upon the VE's testimony to find that Woodard is not disabled.

WHEREFORE, based upon the aforesaid, the Commissioner's Objections to the Magistrate Judge's Report and Recommendations (doc. #17) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in its entirety. The Commissioner's decision that Woodard was not disabled and therefore not entitled to Social Security benefits is REVERSED and this matter is remanded for additional administrative proceedings.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Fifth day of November, 2009.

.                                              **s/Thomas M. Rose**
                                               _____
                                               JUDGE THOMAS M. ROSE
                                               UNITED STATES DISTRICT COURT

Copies furnished to:

    Counsel of Record